IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY BROADWAY,

      Petitioner,                         No. CIV S-06-1862 LKK EFB P

   vs.

STATE OF CALIFORNIA,

      Respondent.                   ORDER

                            /

       On August 21, 2006, petitioner (without counsel) filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He apparently misdirected his petition to this court. On August 30, 2006, petitioner notified the court that he intended to file the petition in the California Superior Court and not in federal court. The court has reviewed the petition and finds that the caption clearly states, "Superior Court of the State of California County of Sacramento."

       Accordingly, the court finds petitioner intended to file the petition in the state court and construes the August 30, 2006, notice as a notice of voluntarily dismissal pursuant to Federal Rules of Civil Procedure 41(a).

       A petitioner may dismiss an action without a court order at any time before respondent serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a); *see also* Rule 11, Rules Governing Section 2254 Proceedings. Respondent has not filed an answer or a motion for

1  summary judgment.[1]

2  The Clerk of the Court therefore is directed to enter petitioner's dismissal without

3  prejudice.[2]

4  So ordered.

5  Dated: September 29, 2006.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\broa1862.vol dismiss hc

---

[1] The court has not ordered service pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings.

[2] A federal application for habeas corpus must be filed within one year of the date a conviction becomes final. 28 U.S.C. § 2244(a)(1)(A). In California, a conviction is final 90 days after the California Supreme Court denies a petition for direct review. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). While the time an applicant properly pursues state post-conviction remedies tolls the limitation period, *see* 28 U.S.C. § 2244(d)(2); *Saffold v. Carey*, 536 U.S. 214, 225 (2002), the time a petition is pending in the federal has no tolling effect. *Duncan v. Walker*, 531 U.S. 991 (2001). Accordingly, petitioner promptly must pursue available state remedies with respect to the judgment he intends to challenge.